IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CliniComp International, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Athenahealth, Inc.<br><br>Defendant. | CIVIL ACTION NO. 1:18-CV-00425<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff CliniComp International, Inc. ("CliniComp") hereby submits its Complaint against Defendant Athenahealth, Inc. ("Athenahealth") and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2. The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,665,647 (the "'647 patent"), entitled "Enterprise Healthcare Management System and Method of Using Same," on December 16, 2003. CliniComp is the legal owner of the '647 patent by assignment. A true and correct copy of the '647 patent is attached hereto as **Exhibit A**.

3. Athenahealth has infringed and continues to infringe one or more claims of the '647 patent. CliniComp seeks, among other things, monetary damages.

### THE PARTIES

4. Plaintiff CliniComp is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 9655 Towne Centre Drive, San Diego, CA 92121.

5. Upon information and belief, Defendant Athenahealth is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 311 Arsenal Street, Watertown, MA 02472. Defendant Athenahealth also maintains a place of business at 800 W. Cesar Chavez Street, Austin, TX 78701.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over CliniComp's claims for patent infringement pursuant to the 28 U.S.C. §§ 1331 and 1338(a).

7. Upon information and belief, this Court has personal jurisdiction over Athenahealth in this action because Athenahealth has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Athenahealth would not offend traditional notions of fair play and substantial justice. Athenahealth has committed acts of patent infringement and has regularly and systematically conducted and solicited business in this District by and through at least its sales and offers for sale of Athenahealth products and/or services in this District and, on information and belief, leases or owns office space in this District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) at least because Athenahealth has committed acts of infringement in this District and has a regular and established place of business in this District. On information and belief, Athenahealth employs many people in this District, including at least at its offices at 800 W. Cesar Chavez Street in Austin, TX.

## FACTUAL ALLEGATIONS

**A.     CliniComp**

9. CliniComp is a privately-held, San Diego-based company that develops Electronic Health Record (EHR) and other information technology (IT) solutions for hospitals, integrated delivery networks, academic medical centers, and other acute care providers in the United States and abroad. CliniComp pioneered the integration of computer-based clinical

documentation and medical devices almost three decades ago. Today, the CliniComp EHR system is deployed in leading private, military, and veterans health care facilities, including in 56 Military Treatment Facilities and more than 40 VA health care facilities, supporting safer and more efficient patient care.

### B.     CliniComp Technology

10.     Healthcare enterprises, which can include, for example, "hospitals, clinics, physician groups, or even Health Maintenance Organizations (HMOs)" can be very large organizations consisting of many different facilities and supporting hundreds of doctors and many point of care facilities, or can be more modest insize [*sic*]." '647 patent at 1:31-35. These enterprises are under pressure to operate efficiently while maintaining and improving the quality of patient care, which requires access to accurate and complete information regarding the various functions of the enterprise. To manage such information, healthcare enterprises often rely on an IT infrastructure of networked computers and applications that provide, for example, clinical information for day-to-day patient management, financial and administrative applications, pharmacy management as well as EHR management.

11.     Historically, healthcare enterprises operated their own IT infrastructure. As the needs of the enterprise increased, these systems would be expanded to include the applications and computer resources necessary to meet the growing needs of the enterprise. This IT infrastructure was expensive to build and expensive to maintain but even more expensive to upgrade. As technology advanced and the healthcare enterprise faced pressure to improve the capabilities of its system, the healthcare enterprise would face the dilemma of needing to upgrade its systems in order to remain viable and competitive but not having the significant resources needed to do so. A major upgrade to an IT infrastructure required both a financial investment as well as a significant investment of time and human resources. Advanced planning, a lengthy approval cycle, and rigorous testing requirements all add to the expense and the risk of a major IT infrastructure upgrade. An enterprise unable or unwilling to endure such a process

will forgo the upgrade at the risk of falling further behind in its ability to provide healthcare services at expected and competitive levels.

12. In 1999, Chris Haudenschild, the named inventor of the '647 patent and sole founder of CliniComp, recognized the challenge facing healthcare enterprises and conceived of a system that would take advantage of the emerging power of the Internet to solve the IT infrastructure dilemma.  Rather than have each healthcare enterprise host its own IT infrastructure and be saddled with the burden of maintaining and upgrading that infrastructure, Haudenschild envisioned a system where the primary components of the IT infrastructure, such as application servers and databases, would be hosted remote from the healthcare enterprise in a manner that would allow at least some of these resources to be shared by different healthcare enterprises.  In this way, a healthcare enterprise could avoid the capital investment necessary to acquire and maintain its own IT infrastructure and also benefit from the ability to upgrade existing capabilities and even add new functionality without the cost and risk associated with doing the same for an in-house system.

13. Haudenschild, however, needed to consider other factors that would be important to any healthcare enterprise upgrading to a remotely hosted system.  In the transition from an in-house to a remotely hosted IT infrastructure a healthcare enterprise would need to ensure that it maintained access to its legacy data and, possibly even certain legacy systems.  For example, while it may make sense to remotely host billing and pharmacy applications, it might also make sense for the enterprise to maintain its legacy clinical care system in house.  The remote system, therefore, must be capable of also storing data from the legacy system and making that data available to system-wide queries.  The data must also, however, be protected.  One advantage of the remotely hosted IT infrastructure is the ability of multiple healthcare enterprises to share resources, but this does not mean sharing data.  To protect the integrity of each individual healthcare enterprise and the privacy of its employees and patients, data from one healthcare enterprises must not be accessible by another healthcare enterprise.

### C. Athenahealth

14. Athenahealth is a healthcare information technology company providing healthcare related IT services that support the clinical, financial and operational needs of organizations of all sizes. Many of Athenahealth's solutions are offered on Athenahealth's athenaOne platform, which is an integrated suite of cloud-based services, combining practice management (athenaCollector), an electronic health record (EHR) system (athenaClinicals), and care coordination (athenaCommunicator) into a single packaged offering. Together, the athenaOne services provide a single instance of software that is accessible from anywhere and delivers real-time visibility into the enterprise's clinical and financial operations.

## FIRST CAUSE OF ACTION
### Infringement of Patent No. 6,665,647

15. CliniComp incorporates the foregoing paragraphs as though fully set forth herein.

16. Athenahealth has directly infringed, and continues to directly infringe, one or more claims of the '647 patent, including but not limited to claim 1, pursuant to 35 U.S.C. § 271, by making, using, selling, and/or offering to sell within the United States, without authority, its AthenaOne suite of cloud-based services and/or components thereof ("Accused Services").

17. As just one non-limiting example, set forth below (with claim language in italics) is a description of the infringement of exemplary claim 1 of the '647 patent in connection with the Accused Services. CliniComp reserves the right to modify this description, including, for example, on the basis of information about the Accused Services that it obtains during discovery:

*1. A method of operating an enterprise healthcare management system for a first healthcare enterprise facility and a second healthcare enterprise facility independent of the first healthcare enterprise facility, comprising:* To the extent the preamble is limiting, through its Accused Services, Athenahealth operates an enterprise healthcare management system for two or more independent healthcare enterprise facilities.

*[1a] establishing a first secure communication channel via a public network between an application server and a first end user device in the first enterprise facility and establishing a*

*second secure communication channel via the public network between the application server and a second end user device in the second enterprise facility, the application server remotely hosting a healthcare application and having a database;* On information and belief, as part of providing the Accused Services, Athenahealth uses the Internet to establish secure communication channels between user devices at client healthcare enterprise facilities and remotely hosted application servers, which host both a healthcare application and a database. *See e.g.,* https://www.athenahealth.com/practice/athenacollector/medical-billing.

[1b] *receiving first healthcare data from the first end user and second healthcare data from the second end user;* On information and belief, the remotely hosted application servers receive healthcare data from end users, *e.g.*, employees at the supported enterprise healthcare facilities utilizing the remotely hosted applications.

[1c] *processing the first healthcare data and the second healthcare data with the healthcare application;* On information and belief, the remotely hosted application servers host at least one healthcare application that processes healthcare data provided by end users. *See e.g.,* https://www.athenahealth.com/practice/athenacollector/medical-billing.

[1d] *storing the processed first healthcare data in a first portion of the database associated with the first healthcare enterprise facility and storing the processed second healthcare data in a second portion of the database associated with the second healthcare enterprise facility;* Athenahealth's Accused Services collect data from multiple healthcare enterprise facilities. On information and belief, to comply with patient privacy and other requirements, data from different healthcare enterprise facilities must be stored in different portions of the database.

[1e] *configuring the database to accept legacy information derived from a legacy application operating at each of the first and second healthcare enterprise facilities, wherein the functions in the healthcare application are not duplicative of the legacy application; and* On information and belief, when providing the Accused Services, Athenahealth configures remotely hosted databases to accept legacy information from one or more legacy applications operating at

the connected healthcare enterprise facilities. The functions of the remotely hosted applications are not duplicative of the one or more legacy applications that generated the legacy information.

[1f] *generating a query to extract information from the database relevant to a respective one of the first and second healthcare enterprise facilities derived from the healthcare data and the legacy information for managing and tracking a performance of the respective one of the first and second healthcare enterprise facilities,* On information and belief, Athenahealth's remotely hosted system will, in response to a user request, generate a query in order to extract information from the relevant portion of the database, *i.e.*, that portion containing data for the enterprise healthcare facility with which the user is associated, that can be used to manage and track performance of the relevant enterprise healthcare facility. The relevant portion of the database will include data derived from the remote healthcare applications as well as the legacy information.

[1g] *wherein healthcare data in the first portion of the database is only accessible to the first end user device and healthcare data in the second portion of the database is only accessible to the second end user device.* On information and belief, to comply with patient privacy and other requirements, an enterprise healthcare facility will only have access to its data from its portion of the database.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CliniComp respectfully requests the following relief:

A. Judgment in CliniComp's favor and against Athenahealth on all causes of action alleged herein;

B. An award of damages to CliniComp in an amount to be further proven at trial;

C. An award of prejudgment and post-judgment interest, costs and other expenses; and

D. Such other and further relief as the Court may deem to be just and proper.

DATED: May 21, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Amar L. Thakur (CA Bar No. 194025)
(*Pro hac vice application forthcoming*)
amarthakur@quinnemanuel.com
Bruce Zisser (CA Bar No. 180607)
(*Pro hac vice application forthcoming*)
brucezisser@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
(*Pro hac vice application forthcoming*)
violatrebicka@quinnemanuel.com
Miles D. Freeman (CA Bar No. 299302)
(*Pro hac vice application forthcoming*)
milesfreeman@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Phone: (213) 443-3000
Fax: (213) 443-3100


/s/ *B. Russell Horton*
B. Russell Horton
Texas Bar No. 10014450
**George Brothers Kincaid & Horton LLP**
114 W. 7th Street, Ste. 1100
Austin, Texas 78701
Tel.: (512) 495-1400
Fax: (512) 499-0094
Email: rhorton@gbkh.com

*Attorneys for Plaintiff CliniComp International, Inc.*