IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLINICOMP INTERNATIONAL, INC., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-18-CV-00425-LY |
| | § | |
| ATHENAHEALTH, INC., | § | |
| DEFENDANT. | § | |

## ORDER DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Before the court is the above styled and numbered patent-infringement action. Pending are Defendant Athenahealth, Inc.'s ("Athenahealth") Defendant's Motion to Dismiss for Failure to State a Claim filed July 13, 2018 (Clerk's Document No. 21), Plaintiff CliniComp International, Inc.'s ("CliniComp") Plaintiff's Response in Opposition to Defendant's Motion to Dismiss filed August 3, 2018 (Clerk's Document No. 24), and Athenahealth's Defendant's Reply in Support of Its Motion to Dismiss for Failure to State a Claim filed August 17, 2018 (Clerk's Document No. 26).

CliniComp's complaint alleges that Athenahealth, a healthcare information technology company that provides healthcare related information technology ("IT") services that support the clinical, financial, and operational needs of healthcare organizations of all sizes, has infringed and continues to infringe one or more claims of CliniComp's United States Patent No. 6,665,647, titled "Enterprise Healthcare Management System and Method of Using Same" (the "'647 patent").

CliniComp is a privately held San Diego-based company that develops Electronic Health Record ("EHR") and other IT solutions for hospitals, integrated delivery networks, academic medical centers, and other acute-care providers in the United States and abroad. CliniComp pioneered the integration of computer-based clinical documentation and medical devices almost 30 years ago.

In 1999, Chris Haudenschild, the named inventor of the '647 patent and sole founder of CliniComp, conceived of a system that would take advantage of the Internet and solve what Haudenschild recognized as the IT-infrastructure dilemma that, at the time, necessitated each healthcare enterprise to host, maintain, and upgrade its own IT infrastructure. Haudenschild envisioned a system in which the primary components of the IT infrastructure–servers and databases–would be hosted remotely from the healthcare enterprise in a manner that would allow at least some resources to be shared by other healthcare enterprises. By doing so, a healthcare enterprise could avoid the capital investment necessary to acquire and maintain its own IT infrastructure, could benefit from the ability to easily upgrade existing capabilities and more easily add new functions without incurring risks and costs. One major advantage of the remotely hosted IT infrastructure is the ability of multiple healthcare enterprises to share resources but not necessarily share data. Indeed, the integrity of each healthcare enterprise and the privacy of its employees and patients must not be accessible by another healthcare enterprise.

CliniComp alleges that Athenahealth's product "athenaOne"–an integrated suite of cloud-based services combining practice management (athenaCollector), an EHR system (athenaClinicals), and care coordination (athenaCommunicator) into a single packaged offering–is infringing the '647 patent. Together, the athenaOne suite of cloud-based services and their components provide a single instance of software that is accessible from anywhere and delivers real-time visibility into the medical enterprise's clinical and financial operations.

By its motion, Athenahealth contends CliniComp's complaint fails to state a claim for which relief may be granted because the '647 patent fails to claim any patentable subject matter, the '647 patent is invalid. *See* 35 U.S.C. § 101 ("Section 101"); Fed. R. Civ. P. 12(b)(6). Athenahealth

argues that the crux of the '647 patent is taking the age-old idea of storing written medical records in off-site locked file cabinets and computerizing that method of storage. Athenahealth argues that the sole patent claim explicitly referred to in the complaint–Claim 1–is directed only to the idea of remotely and securely storing healthcare records of two healthcare providers in a searchable manner. Athenahealth argues that this is the type of "well-understood, routine, conventional activit[y] previously known to the industry" that is ineligible for patent protection under *Alice Corp. v. CLS Bank Int'l* and its progeny. ___ U.S. ___; 134 S.Ct. 2347, 2359 (2014). Athenahealth contends that if one strips away the generic computer terminology in the '647 patent's claims, it is apparent that the method of Claim 1 could be performed by any record-keeper at an off-site location with a filing cabinet.

CliniComp responds that the '647 patent is about much more than remote record keeping. The '647 patent identifies a problem faced by many and various types of healthcare enterprises–maintaining and upgrading their computer systems that handle everything from clinical information systems for providing day-to-day patient management functions, pharmacy software that tracks prescription and non-prescription drugs used by patients, and financial software that provides accounting and asset management. CliniComp responds that the '647 patent discloses and claims a solution to this problem, taking into account the complexities associated with providing a remotely hosted information-management system for multiple independent healthcare enterprises, while giving those enterprises the flexibility to retain certain legacy systems and have the data from those systems available for search queries.

Every issued patent is presumed to have been issued properly, absent clear-and-convincing evidence to the contrary. *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1338-39 (Fed. Cir. 2013), *vacated sub nom., on other grounds*, *WildTangent, Inc. v. Ultramercial, LLC*, ___ U.S. ___; 134 S.Ct. 2870 (2014). When patent eligibility is challenged by a motion to dismiss for failure to state a claim, the court applies the standard that is consistently applied in all areas of law. *See Berkheimer v. HP, Inc.*, 890 F.3d 1369, 1372 (Fed. Cir. 2018) (order on petition for rehearing en banc). A motion to dismiss will be denied if in reviewing the complaint in the light most favorable to the plaintiff and with every doubt resolved in the pleader's favor–but disregarding conclusory statements–the complaint states any cognizable claim for relief. *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). Denying a motion to dismiss is not a holding that the challenged patent claims are eligible. *Berkheimer*, 890 F.3d at 1373. "And the mere fact that there [are] sufficient allegations in the pleading to state a claim for patent infringement does not mean that the case need go to trial." *Id.* An accused infringer may move for summary judgment at any time, the court can convert a Rule 12(b)(6) motion into a summary-judgment motion, and alternatively, the court can raise summary judgment *sua sponte*. *See id.*; Fed. R. Civ. P. 12(d), 56(f)(3). "Moreover, if the allegations in the complaint about the invention as claimed ultimately lack evidentiary support or if the case is exceptional, the court can award attorney's fees to the accused infringer under either [Federal] Rule [of Civil Procedure] 11 or [Title 35 United States Code] Section 285 to compensate the accused infringer for any additional litigation costs it incurs." *Berkheimer*, 890 F.3d at 1373.

Section 101 describes the types of subject matter that are eligible for patent protection and also "contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp.*, 134 S.Ct. at 2354. The concern is that granting a patent

monopoly on an abstract idea would impede innovation by tying up the building blocks of future ingenuity. *Id.* At the same time, courts are to "tread carefully in construing this exclusionary principle" for "at some level all inventions embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Id.* "An invention is not rendered ineligible for patent simply because it involves an abstract concept." *Id.* (citing *Diamond v. Diehr*, 450 U.S. 175, 187 (1981)).

A two-part test exists to determine whether a patent claim is directed to patentable subject matter or, alternatively, to a "building block of human ingenuity." *Alice Corp.*, 134 S.Ct. at 2354 (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 88-89 (2012)). The first part requires the court to determine whether each asserted claim is directed to a patent ineligible "abstract idea." *Id.* If the court determines that each claim is directed to an abstract idea, the second part of the test asks whether an "inventive concept" exists–whether there is an element or combination of elements that "ensure the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.* The court must also consider that "[a]n inventive concept can be found in the nonconvetional and nongeneric arrangement of known, conventional pieces." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).

Athenahealth argues first that the '647 patent fails because it is directed solely to an abstract idea–the computerization of file storage; that is, the patent addresses only the abstract processes of collecting and analyzing information and then storing the information on a remote computer. Second, Athenahealth argues that there is no inventive concept, because lacking from the patent are technical details about the structure of the applicable software or the computer hardware.

CliniComp responds that the ordered combination presented in the '647 patent demonstrates that there is an inventive concept independent of the combination's implementation on a computer. CliniComp argues that the claims are directed to very specific concrete methods of operating a healthcare-management system, including limitations on how data is communicated, how data is stored, how the database is configured, and how access to the database is restricted.

Having reviewed the complaint, the motion, response, and reply, the case file, and the applicable law, the court accepts CliniComp's well-pleaded facts as true and has viewed them in the light most favorable to CliniComp. Through that lens, the court concludes that Athenahealth has failed to show by clear-and-convincing evidence that the '647 patent addressses only an abstract idea and presents no inventive concept. The '647 patent has 55 claims. By its motion, Athenahealth challenges only Claim 1, which is discussed in the complaint. To survive a motion to dismiss for failure to state a claim, CliniComp must only have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On this limited record, it cannot be said, as a matter of law, that the '647 patent involves only an abstract or generic concept and lacks any inventive concept. The court concludes that CliniComp's complaint, on its face, states a plausible claim for relief.

**IT IS ORDERED** that Defendant Athenahealth, Inc.'s Defendant's Motion to Dismiss for Failure to State a Claim filed July 13, 2018 (Clerk's Document No. 21) is **DENIED**.

SIGNED this 3rd day of October, 2018.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE