UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC., § § § | |
| *Plaintiff* § § | |
| § | CIVIL NO. A-18-CV-425-LY |
| v. § § | |
| ATHENAHEALTH, INC., § § § | |
| *Defendant* § | |

**O R D E R**

Before this Court are Defendant's Motion for Protective Order, filed May 5, 2020 (Dkt. 71); Plaintiff's Opposition to Defendant's Motion for Protective Order, filed May 18, 2020 (Dkt. 76); and Defendant's Reply, filed May 19, 2020 (Dkt. 77). On May 14, 2020, the District Court referred the above motion and related filings to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.    Protective Order**

On May 21, 2018, Plaintiff CliniComp International, Inc. filed this patent infringement lawsuit, alleging that Defendant Athenahealth, Inc. is infringing its U.S. Patent No. 6,665,647, titled "Enterprise Healthcare Management System and Method of Using Same." On June 28, 2019, the District Court granted the parties' joint motion for the entry of a confidentiality and protective order ("Protective Order"). Dkt. 49. The purpose of the Protective Order is to ensure that "confidential" documents "shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order." *Id.* ¶ 1(a).

Paragraph 7(b) of the Protective Order provides that confidential discovery material may be disclosed to: "The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals,

and staff." *Id.* ¶ 7(b)(i). "Outside Counsel" is defined as: "(i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, of counsel attorneys and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation." *Id.* ¶ 2(f).

The Protective Order also provides that confidential discovery material may be disclosed to "[a]ny outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work," that "such expert or consultant has agreed to be bound by the provisions of the Protective Order," and "no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 below." *Id.* ¶ 7(b)(iii). The Protective Order does not define "outside expert or consultant." Paragraph 11 of the Protective Order requires the party seeking to disclose confidential documents to any "outside expert or consultant" to disclose that fact to the producing party in order to allow the producing party to object to the disclosure. *Id.* ¶ 11. However, the Protective Order does not require a party seeking to disclose confidential information to "outside counsel" to disclose that fact to the producing party.

**II.     Defendant's Motion for Protective Order**

In its Motion for Protective Order, Defendant asks the Court to enter a new protective order barring Plaintiff from sharing Defendant's "highly sensitive financial and technical documents with a third-party that CliniComp failed to disclose under the existing protective order, and to whom Athena objects to receiving its confidential information." Dkt. 71 at 1. The "third-party" Defendant refers to is J.M.,[1] a California patent attorney, who, Plaintiff states, "was a well-established and highly regarded patent litigator at a prestigious law firm before a two-year struggle with alcoholism led to several misdemeanor convictions and a suspension from the California State

---

[1] The Court refers to the attorney by his initials, "J.M."

Bar." Dkt. 76 at 1.[2] Plaintiff contends that J.M. has been sober since February 2017 and "has tried to be an example of a man who recognizes his mistakes, takes responsibility for them, and fully applies himself to a process of rehabilitation and redemption." *Id.* at 3.

In March 2020, Plaintiff's counsel of record, Amar Thakur, hired J.M. "to assist" in this lawsuit. *Id.* Plaintiff alleges that J.M.'s "primary role in this case is to review documents, which necessarily includes documents athenahealth has designated as 'Confidential' or 'Confidential–Attorneys' Eyes Only' under the Protective Order." Thakur Decl., Dkt. 76-2 at ¶ 4. Plaintiff has stated that J.M. would not review documents that have been designated "Confidential–Attorneys' Eyes Only–Source Code." *Id.* Plaintiff also alleges that J.M. would assist counsel on an as-needed basis with discovery and motion practice. *Id.* Plaintiff points out that Rule 1-311(C)(1) of the California Rules of Professional Conduct provides that a member of the Bar may employ a suspended attorney to perform "[l]egal work of a preparatory nature, such as legal research, the assemblage of data and other necessary information, drafting of pleadings, briefs, and other similar documents" as long as the client is informed of the attorney's ineligible status.

Defendant objects to J.M.'s access to its confidential information. Defendant argues that J.M. is acting as an "outside expert or consultant" in this case, and therefore Plaintiff was required to disclose that fact to Defendant as provided in Paragraph 11 of the Protective Order before J.M. was given access to any confidential information.

Defendant has misinterpreted the Protective Order. While it does not define "outside expert or consultant," the Protective Order clearly refers to the types of experts or consultants frequently

---

[2] In 2015, the California State Bar imposed a public reproval on J.M. after he was convicted of misdemeanor battery. In late 2019, after J.M. violated family court orders, submitted false information to the Bar, and missed several lab tests, the Bar terminated J.M. from the Lawyer Assistance Program and recommended that his law license be suspended. In March 2020, the Bar suspended J.M. from the practice of law for at least one year. Declaration of J.M. in Support of CliniComp International Inc.'s Opposition to Athenahealth's Motion for Protective Order, Dkt. 76-1 ¶¶ 7-13.

hired in patent infringement lawsuits. There is no evidence that J.M. is working as an expert or consultant. In fact, Defendant admits that J.M. "is essentially working as a contract attorney." Dkt. 71 at 5. Based on Plaintiff's unrefuted allegations, J.M. is working as support staff for counsel of record, reviewing documents and assisting counsel of record with discovery issues. J.M.'s work, therefore, falls squarely within the Protective Order's definition of "outside counsel," which includes "partners, associates, of counsel attorneys and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation." Dkt. 49 at ¶ 2(f).

Under the Protective Order, Plaintiff was permitted to disclose confidential information to J.M. without having to give Defendant prior notice or the opportunity to object. Accordingly, the Protective Order does not give Defendant the right to challenge J.M.'s involvement in this case. Defendant's Motion for Protective Order (Dkt. 71) is **DENIED**.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

**SIGNED** on June 1, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE