UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CLINICOMP INTERNATIONAL, INC.,** § § § | |
| *Plaintiff* § § | |
| § | **CIVIL NO. A-18-CV-425-LY** |
| v. § § | |
| **ATHENAHEALTH, INC.,** § § | |
| *Defendant* § | |

**O R D E R**

Before the Court are Plaintiff's Motion to Compel Depositions and for Leave to Supplement Expert Reports, filed July 31, 2020 (Dkt. 96); Defendant's Opposition to Plaintiff's Motion to Compel Depositions and for Leave to Supplement Expert Reports, filed August 7, 2020 (Dkt. 101); Plaintiff's Reply, filed August 14, 2020 (Dkt. 103); Plaintiff's Supplemental Memorandum Regarding Athenahealth, Inc.'s Production of Oracle Licenses, filed August 21, 2020 (Dkt. 104). On August 4, 2020, the District Court referred the motion and related filings to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

**I.     Background**

Plaintiff CliniComp International, Inc. ("CliniComp") is a privately held company that develops electronic health records and other information technology for hospitals and other healthcare providers. Defendant Athenahealth, Inc. ("Athena") is a healthcare information technology company that provides healthcare-related IT services. On May 21, 2018, CliniComp filed this patent infringement lawsuit, alleging that Defendant Athena is infringing its U. S. Patent No. 6,665,647, "Enterprise Healthcare Management System and Method of Using Same." On

August 12, 2020, the District Court denied Athena's Motion for Summary Judgment. Dkt. 102. Under the Revised Scheduling Order, fact discovery closed on July 15, 2020, expert discovery closes on August 28, 2020, and trial is set for February 2021. Dkts. 46, 62.

## II.     Discovery Dispute

CliniComp alleges that Athena failed to produce "critically relevant documents—Oracle licenses showing the amounts Athenahealth pays to Oracle for database services—until the day before the close of fact discovery, July 14, and three days before opening expert reports were due on July 17." Dkt. 96 at 2. CliniComp contends that it had requested the Oracle documents in late 2019, but Athena did not produce them before CliniComp deposed Athena's Rule 30(b)(6) corporate representatives. CliniComp alleges that it attempted to question Athena's witnesses regarding the Oracle licenses, but they could not offer meaningful testimony.

CliniComp argues that its damages expert, Dr. Nishy Mody, needs the Oracle licenses to calculate a reasonable royalty based on the additional costs Athena would have incurred had it used an alternative to its infringing product. CliniComp argues that Dr. Mody was forced to incorporate the Oracle licenses into her expert report with less than three days to review them and without the benefit of any relevant deposition testimony. CliniComp asks the Court to (1) compel Athena to make its Rule 30(b)(6) witnesses available for further depositions, and (2) grant CliniComp leave to serve supplemental expert reports based on any new deposition testimony.

In response, Athena argues that CliniComp's failure to have access to the Oracle licenses at an earlier date is the result of CliniComp's own failure to disclose its damages theory earlier in discovery. Athena alleges that it asked CliniComp to provide its damages theory as early as July 2019, but CliniComp refused. For example, Interrogatory No. 16 in Athena's Second Set of Interrogatories states: "Describe in complete detail the factual and legal basis and supporting evidence for the relief You seek in this litigation . . . and describe the reasonable royalty to which You contend You are entitled as a

result of the alleged infringement and the basis for such royalty." Dkt. 101-2 at 3. CliniComp lodged various objections to this request, including that the "interrogatory is premature," and noted that it "will respond at the appropriate time." Dkt. 101-3 at 6. On June 2, 2020, Athena sent CliniComp a letter asking it to supplement its response to the interrogatory by June 5, 2020:

> On April 15, 2020, CliniComp claimed it "[wa]s not in a position to set forth its damages contentions in large part because" of the status of Athena's document production. Approximately one week later, Athena produced extensive and detailed financial materials. Yet, since then, CliniComp has failed to supplement its interrogatory response. Athena still lacks any information regarding the damages theories CliniComp intends to pursue and how it intends to support those theories. Please confirm that CliniComp will supplement its response to Interrogatory No. 16 by June 5.

Dkt. 101-5 at 4.

On July 10, 2020, five days before the close of fact discovery, CliniComp supplemented its response to Interrogatory No. 16 with the following sentence: "CliniComp is not seeking lost profits damages in this case." Dkt. No. 101-7 at 4. Subsequently, CliniComp filed this motion.

### III.   Analysis

As noted, discovery closed on July 15, 2020, and CliniComp's Motion to Compel was filed on July 31, 2020. Local Rule CV-16(d) of the Local Court Rules for the Western District of Texas provides that: "Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery." CliniComp claims that it has presented exceptional circumstances, contending that Athena withheld the Oracle licenses until July14, 2020. The record before the Court, however, does not support CliniComp's position.

The record shows that CliniComp asked Athena to produce the Oracle licenses as early as December 2019. In Request for Production No. 30 in its Second Set of Requests for Production,

CliniComp asked Athena to produce "[a]ll DOCUMENTS reflecting or referring to agreements or contracts between athenahealth and Oracle." Dkt. 96-3 at 8. On January 16, 2020, Athena objected to the request on several grounds, including that it was overly broad and unduly burdensome, but stated that it was "willing to meet and confer with CliniComp regarding the appropriate scope of production, if any, in response to this Request." *Id.* CliniComp did not follow up or confer with Athena with respect to Request No. 30 until it filed this Motion to Compel after the close of discovery. Notably, CliniComp did follow up with Athena regarding other damages-related discovery, but failed to do so with regard to the Oracle licenses.

CliniComp could have conferred with Athena regarding the Oracle licenses as early as January 16, 2020, when Athena filed its objection to the request for production. Instead, CliniComp waited until July 31, 2020, to file its Motion to Compel. CliniComp has failed to present exceptional circumstances to justify filing a motion to compel more than seven days after the close of discovery. *See, e.g.*, *Graves v. Gaskamp*, No. A-11-CA-548 LY, 2012 WL 3202961, at *1 (W.D. Tex. Aug. 2, 2012) (finding that plaintiff failed to present exceptional circumstances under Local Rule CV-16(d) to file late discovery motion where she knew that defendant would not comply before the discovery period closed).

Based on the foregoing, CliniComp International, Inc.'s Motion to Compel Depositions and for Leave to Supplement Expert Reports (Dkt. 96) is **DENIED**.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

**SIGNED** on August 24, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE