IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC., § | |
| PLAINTIFF, § | |
| § | |
| V. § | CAUSE NO. A-18-CV-00425-LY |
| § | |
| ATHENAHEALTH, INC., § | |
| DEFENDANT. § | |

## ORDER

Before the court is the above styled patent-infringement action. CliniComp alleges that Athenahealth's product "athenaOne"–an integrated suite of cloud-based services combining practice management (athenaCollector), an Electronic Health Records ("EHR") system (athenaClinicals), and care coordination (athenaCommunicator) into a single packaged offering–is infringing CliniComp's United States Patent No. 6,665,647, titled "Enterprise Healthcare Management System and Method of Using Same," which was issued December 16, 2003 ("'647 patent"). Pending in the action are [Corrected] CliniComp International Inc.'s Motion Regarding *Inter Partes* Review Estoppel filed September 29, 2020 (Doc. #144) and Defendant Athenahealth Inc.'s ("Athenahealth") Opposition to CliniComp's Motion Regarding *Inter Partes* Review Estoppel filed October 14, 2020 (Doc. #172).[1] Having considered the motion, response, exhibits, case file, and applicable law, the court will deny the motion.

After CliniComp filed this action, Athenahealth filed an *Inter Partes* Review ("IPR") petition seeking to invalidate claims 1-25 and 50-55 of the '647 patent. On March 26, 2020, the Patent Trial and Appeal Board ("PTAB") issued a Final Written Decision, by which it determined that claims

---

[1] Athenahealth's related sealed exhibits are included in the case file as Document Nos. 154, 171, and 194.

50-55 of the '647 patent were unpatentable, but that Athenahealth had failed to show that claims 1-25 were unpatentable. In light of the IPR proceedings, CliniComp contends that IPR estoppel applies to Athenahealth's invalidity defense contentions based on obviousness or anticipation. *See* 35 U.S.C. § 315(e)(2) ("the estoppel statute").[2]

CliniComp argues that the estoppel statute prevents Athenahealth from alleging invalidity of the remaining patent claims on any ground that Athenahealth raised or reasonably could have raised during the related IPR proceedings initiated by Athenahealth. *Id.* Athenahealth, having failed to show during the IPR proceedings that claims 1-25 of the '647 patent were unpatentable, now improperly seeks a "do-over," to the extent that Athenahealth is asserting invalidity defenses that could have reasonably been raised during the IPR process, but which Athenahealth failed to do. CliniComp argues that Athenahealth improperly relies on the same prior art it cited in the IPR petition and seeks to sidestep the effect of IPR estoppel by repackaging these references into combinations with other prior art systems, namely the Iowa Computer Based Patient Record System ("Iowa CBPR"), the Cerner HNA Millennium System, and the CliniComp Clinical Information System ("CliniComp CIS"). CliniComp argues that although the scope of an IPR proceeding is limited to invalidity grounds "that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications," courts have recognized that accused infringers "cannot skirt [estoppel] by purporting to rely on a device without actually relying on the device itself." *See* 35 U.S.C. § 311(b); *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 271 F.Supp. 3d 990,

---

[2] "The petitioner in an inter partes review of a claim in a patent . . . that results in a final written decision . . . may not assert . . . in a civil action that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).

1032 (E.D. Wis. 2017). CliniComp contends that Athenahealth's invalidity arguments regarding the prior-art systems are based entirely on printed publications describing the systems–publications that were known and available to Athenahealth well before the filing of the IPR petition. Therefore, CliniComp maintains that Athenahealth "reasonably could have raised" these arguments during the IPR proceeding and cited the same printed publications Athenahealth's invalidity expert, Philip Greenspun now cites in his report.

Athenahealth responds that the scope of the estoppel statute is commensurate with the narrow scope of IPR proceedings and is limited to estoppel of invalidity theories based on patents or printed publications that could have been used in an IPR proceeding. Such matters do not include prior art systems. *See Zitovault, LLC v. International Bus. Machines Corp.*, No. 3:16-CV-0962-M, 2018 WL 2971178, *4 (N.D. Tex. Apr. 4, 2018). Athenaheath argues that CliniComp's representation that Greenspun's expert analysis relies entirely on public documents is factually incorrect. For each of the three prior-art systems–Iowa CBPR, CliniComp CIS, Cerner HNA Millennium–Greenspun opines each renders obvious all of the asserted claims of the '647 patent. Contrary to CliniComp's position, for each of these systems, Greenspun relies extensively on non-public documents or information that Athenahealth necessarily could not have used in the IPR proceedings. Athenahealth argues that for every limitation in Greenspun's analysis of the CliniComp CIS and Cerner HNA Millennium systems, Greenspun relies on documents designated "HIGHLY CONFIDENTIAL–ATTORNEYS EYES ONLY." And for the Iowa CBPR prior-art system, Greenspun on many occasions cites to a discussion with Dr. James Flanagan, someone with personal knowledge of the Iowa CBPR system. Because these documents and information are non-public, they could not have been used in the IPR proceedings.

The moving party bears the burden of showing IPR estoppel. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 602-03 (D. Mass. 2018). IPR estoppel applies only to invalidity grounds that "could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 315(e)(2). Estoppel does not extend to other types of prior art, such as prior-art devices. *See e.g., Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-CV-0081, 2016 WL 7634422, at *3 (E.D. Tex. Nov. 7, 2016) ("Petitioners may use only patents or printed publications in IPR proceedings. Therefore, regardless of any estoppel, defendants have considerable latitude in using prior art systems (for example, software) embodying the same patents or printed publications placed before the PTO in IPR proceedings.") Therefore defendants can rely on the prior-art systems in their invalidity contentions to argue anticipation or obviousness. *Zitovault, LLC v. International Bus. Machines Corp.*, No. 3:16-CV-0962-M, 2018 WL 2971178, *4 (N.D. Tex. Apr. 4, 2018); *Intellectual Ventures*, 2016 WL 7634422, at *3.

The court addresses CliniComp's position that the reasoning in *Wasica Finance GmbH v. Schrader Int'l, Inc.*, supports the argument that the estoppel statute may apply to a prior-art device. 432 F. Supp. 3d 448, 455 (D. Del. 2020). In *Wasica Finance* the court applied the estoppel statute and prevented the defendant from relying on a physical sensor that was "materially identical" to a *patent* the defendant could have raised during the IPR proceeding. *Id.* The court finds *Wasica* distinguishable from the situation presented here. In making his expert report, Greenspun does not rely solely on publicly available documents. Rather his opinions are supported by non-public documents and other information that are not "printed publications" and are not matters Athenahealth could have relied upon in the IPR proceeding. *See In re Lister*, 583 F.3d 1307, 1311-

14 (Fed. Cir. 2009) ("In order to qualify as a printed publication within the meaning of § 102, a reference 'must have been sufficiently accessible to the public interested in the art.'")

The court finds that Greenspun's report is not solely based on patents or public information that Athenahealth could have raised during the related IPR proceedings. The court holds that CliniComp has failed to carry its burden to show that IPR estoppel prevents Athenahealth from relying on the prior-art systems–Iowa CBPR, CliniComp CIS, Cerner HNA Millennium–and other nonpublic information in Athenahealth's invalidity contentions of anticipation or obviousness.

**IT IS ORDERED** that [Corrected] CliniComp International Inc.'s Motion Regarding Inter Partes Review Estoppel filed September 29, 2020 (Doc. #144) is **DENIED**.

SIGNED this 28th day of October, 2020.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE