IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC., § <br> PLAINTIFF, § <br> § <br> V. § <br> § <br> ATHENAHEALTH, INC., § <br> DEFENDANT. § | CAUSE NO. A-18-CV-00425-LY |

## ORDER DENYING CLINICOMP INTERNATIONAL INC.'S [CORRECTED] MOTION FOR PARTIAL SUMMARY JUDGMENT ON ATHENAHEALTH'S SEVENTH AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT

Before the court is the above styled patent-infringement action. CliniComp alleges that Athenahealth's product "athenaOne"–an integrated suite of cloud-based services combining practice management (athenaCollector), an Electronic Health Records ("EHR") system (athenaClinicals), and care coordination (athenaCommunicator) into a single packaged offering–is infringing CliniComp's United States Patent No. 6,665,647, titled "Enterprise Healthcare Management System and Method of Using Same," which was issued December 16, 2003 ("'647 patent").

CliniComp moves the court to render summary judgment in CliniComp's favor regarding Athenahealth's affirmative-defense allegations that CliniComp engaged in inequitable conduct during the prosecution of the '647 patent. CliniComp contends that it has established that there are no genuine issues of material fact about whether CliniComp failed to disclose material information to and acted with the specific intent to deceive the United States Patent and Trademark Office ("PTO") when CliniComp did not disclose information to the PTO about CliniComp's software product that existed in 1998–CliniComp's Clinical Information System ("CliniComp's CIS").[1]

---

[1] Pending in the action are [Corrected] CliniComp International Inc.'s Motion for Partial Summary Judgment on Athenahealth's Seventh Affirmative Defense of Inequitable Conduct filed September 29, 2020 (Doc. #143), Defendant Athenahealth's Opposition to CliniComp's Motion for

**Inequitable conduct**

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of the patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). Unlike invalidity defenses, which are claim specific, inequitable conduct regarding any single claim renders the entire patent unenforceable. *Id.* at 1288 (citing *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.3d 867, 877 (Fed. Cir. 1988)). A finding of inequitable conduct has merit only when the patentee has unfairly obtained an unwarranted patent through misconduct. *Id.* at 1292. Additionally, a finding of inequitable conduct can have far-reaching ramifications as such a finding may render unenforceable other related patents or applications in the same technology family. *Id.*

The party alleging inequitable conduct bears the burden of proof. *Therasense*, 649 F.3d at 1291. In a matter "involving nondisclosure of information, clear and convincing evidence must show that the [patent] applicant made a *deliberate decision* to withhold a *known* material reference." *Id.* at 1290 (emphasis in original and quoting *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)). Further, the accused infringer must prove by clear and convincing evidence that the patentee acted with the specific intent to deceive the PTO. *Theresense*, 649 F.3d at 1290. Intent and materiality are separate requirements and the court will not use a "sliding scale" such that a weak showing of intent may be determined to be sufficient based on a strong showing of materiality, and vice versa. *Id.* Nor will the court infer intent solely from materiality. "Proving that the applicant

---

Partial Summary Judgment on Athenahealth's Seventh Affirmative Defense of Inequitable Conduct filed October 9, 2020 (Doc. #168), and CliniComp's Reply In Support of its Motion for Partial Summary Judgment on Athenahealth's Seventh Affirmative Defense of Inequitable Conduct filed October 16, 2020 (Doc. #182).

knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Id.*

Because direct evidence of deceptive intent is rare, a court may infer intent from indirect and circumstantial evidence. *Id.* However, to meet the clear-and-convincing-evidence standard, the specific intent to deceive must be "the single most reasonable inference able to be drawn from the evidence." *Id.* (quoting *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008)). The evidence "must be sufficient to *require* a finding of deceitful intent in the light of all the circumstances." *Id.* (emphasis in original and quoting *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 877 (Fed. Cir. 1988)). The inference cannot be based on gross negligence, and if there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found. *Id.* at 1290-91. Intent is an inherently factual issue and consequently a grant of summary judgment on the issue of inequitable conduct is uncommon. *Digital Control, Inc. v. Charles Machine Works*, 437 F.3d 1309, 1317 (Fed. Cir. 2006). When the testimony of the accused defrauder is relied on as evidence of intent, the witness's credibility should be evaluated. *See, e.g., Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1351-52 (Fed. Cir. 2013).

Because neither mere nondisclosure of prior art references to the PTO nor failure to mention prior art references in an affidavit constitutes affirmative egregious misconduct, claims of inequitable conduct that are based on such omissions require proof of but-for materiality. *Theresense*, 649 F.3d at 1292-93. That is, the withheld material information must be so crucial that "but for" the applicant's withholding the information from the PTO, the PTO would not have granted the patent. *Id.* at 1292-93.

Finally, because the accused infringer bears the burden of proof, the patentee need not offer any good-faith explanation unless the accused infringer first proves a threshold level of intent to deceive by clear and convincing evidence. *Id.* at 1291. The absence of a good-faith explanation for withholding a material reference does not, by itself, prove intent to deceive. *Id.*

**Summary judgment**

Summary judgment shall be rendered when the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment proof showing the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment proof, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476

F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment proof. *Id.* The party opposing summary judgment is required to identify specific proof in the record and to articulate the precise manner in which that evidence supports the claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a motion for summary judgment. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**Athenahealth's allegations**

Athenahealth's First Amended Affirmative Defenses filed September 3, 2020, includes as the Seventh Affirmative Defense allegations that all of the claims of the '647 patent are unenforceable due to inequitable conduct.[2] Briefly, the allegations are that Chris A. Haudenschild is the sole inventor of the '647 patent and the Founder, Chairman, and CEO of CliniComp. Bernard L. Kleinke is the attorney who prosecuted the application that issued as the '647 patent. Haudenschild and Kleinke, and their agents owed a duty of disclosure, candor, and good faith to the PTO in connection with the prosecution of the '647 patent. When CliniComp applied for the '647 patent on June 30, 1999, and more than one year before the application date, it publicly sold, offered

---

[2] Athenahealth outlined the allegations in 67 paragraphs.

for sale, and used its own software, CliniComp CIS. On June 30, 1998, and before, CliniComp CIS was a networked system of hardware and software for healthcare enterprise facilities with functionality related to, *inter alia*, EHRs, clinical, and other healthcare software. CliniComp CIS was on sale and was sold to multiple customers before June 30, 1998. CliniComp CIS and its features were demonstrated and advertised publicly by CliniComp and published in literature by CliniComp.

On June 30, 1999, and more than one year before, Haudenschild was intimately familiar with CliniComp CIS, including, upon information and belief, its architecture, its deployment to customers, and the full extent of its funtionality. Upon information and belief, Kleinke was also familar with CliniComp CIS.

On June 30, 1988, CliniComp CIS disclosed all limitations of the independent claim that issued as claim 50 in the '647 patent. CliniComp CIS also disclosed all limitations of the independent claims that issued as claims 1 to 26 of the '647 patent, or at least rendered those claims obvious in view of the other art of record in the '647 patent's prosecution. CliniComp CIS also disclosed '647 patent claim limitations that upon information and belief, CliniComp, by and through Haudenschild and Kleinke and their agents argued to the PTO were not present in the prior art in responses to office actions and during at least one interview.

Haudenschild signed a Combined Declaration and Power of Attorney in Continuation-In-Part-Application under penalty of perjury on June 30, 1999, and submitted it to the PTO, claiming priority to an earlier patent application and

> acknowledg[ing] the duty to disclose material information as defined
> in Title 37, Code of Federal Regulations, § 1.56(a) which occurred

>between the filing date of the prior application and the national or
>PCT international filing date of this application.

Haudenschild and Kleinke failed to disclose CliniComp CIS when filing the initial application for the '647 patent and throughout the prosecution process, thereby breaching their duty to disclose material prior art to the PTO. When Haudenschild and Kleinke received the Notice of Allowability for the '647 patent, they knew that the features and limitations discussed as the "Examiner's . . . Reason for Allowance" of the '647 patent were present in CliniComp CIS and were not disclosed to the PTO. No Information Disclosure Statement was submitted during the prosecution of the '647 patent or thereafter. Had Haudenschild and Kleinke disclosed the CliniComp CIS prior art system, then all of the limitations that CliniComp argued were not present in prior art would have been present in the prior art, or suggested by the prior art.

Haudenschild and Kleinke's failure to disclose was intentional and but for their failure to disclose CliniComp CIS to the PTO, the '647 patent would not have issued, or would not have issued with the claims that it did.

Specifically, Athenahealth alleges that CliniComp CIS discloses (1) the "public network" limitations; (2) the "legacy information" limitations; (3) the "storing in a database application information from a healthcare application hosted remotely on an application server and storing legacy information in the database from a legacy application operating at an enterprise facility" limitations; (4) the "generating a query" limitations; and (5) the "wherein healthcare data in the first portion of the database is only accessible to the first end user device and healthcare data in the second portion of the database is only accessible to the second end user device" limitations; each of which CliniComp argued was absent from the prior art. Athenahealth argues that Haudenschild and

Kleinke intentionally deceived the PTO, because as they were familiar with the CliniComp CIS, both were familiar with its software, and had they disclosed it to the PTO, the '647 patent would not have issued or would have issued with much narrower claims.

**CliniComp's summary-judgment contentions**

CliniComp argues that summary judgment is appropriate because Athenahealth cannot establish by clear and convincing evidence that Haudenschild believed that CliniComp CIS was material prior art. CliniComp argues that there is no evidence that Haudenschild ever considered CliniComp CIS material to the prosecution of the application that led to the '647 patent or that it should have been disclosed to the PTO for any reason. The summary-judgment proof reflects that Haudenschild and Kleinke discussed the capabilities of the CliniComp CIS and deemed it to be so different from the claims of the application that issued as the '647 patent that it was not necessary to disclose CliniComp CIS to the PTO. CliniComp maintains that Athenahealth has failed to present any facts from which an inference can be drawn that Haudenschild acted with the specific intent to deceive the PTO. At most, CliniComp argues that Athenahealth's allegations show nothing more than nondisclosure of a known reference, which is insufficient to constitute inequitable conduct. *Therasense*, 649 F.3d at 1290. And, although Haudenschild was aware of CliniComp CIS, nothing about his actions during prosecution suggests any intent to deceive the PTO. CliniComp argues that at most, Athenahealth's allegations support an inference of negligence–Haudenschild knew about CliniComp and should have known of its materiality–which is inadequate for a finding of known materiality.

CliniComp also argues that summary judgment is appropriate because there is no evidence Kleinke knew that the CliniComp CIS was material, or that he believed it should have been disclosed

to the PTO. CliniComp argues that Athenahealth's only factual allegation is that Kleinke's knowledge that CliniComp CIS disclosed material claim limitations is that Kleinke was CliniComp's patent attorney. Kleinke maintained that during the prosecution of the '647 patent, although he had some knowledge of the CliniComp CIS, he determined it was not material because CliniComp only had systems that were locally used and were not online systems. Kleinke believed the online-type of prior art was what was relevant or material.

CliniComp also argues that Athenahealth cannot establish that Haudenschild or Kleinke withheld the CliniComp CIS with the specific intent to deceive the PTO. Kleinke and Haudenschild discussed the capabilities of CliniComp CIS, and determined that the CliniComp CIS was so different from the claims of the application that it was not necessary to disclose the CliniComp CIS system to the PTO. Further, CliniComp argues that even if Haudenschild and Kleinke were incorrect, certainly there is no clear and convincing evidence that either of them knew it was a material reference and made a deliberate decision to withhold the CliniComp CIS from the PTO. CliniComp urges that based on the undisputed facts, Athenahealth cannot establish that the only reasonable inference to be drawn from the evidence is a deceitful intent on the part of either Haudenschild or Kleinke.

**Athenahealth's response**

Athenahealth responds that the court should decline to accept CliniComp's arguments, which rest on only a small subset of the summary-judgment proof. Athenahealth argues that CliniComp's position improperly assumes the veracity of deposition testimony from CliniComp's witnesses and assesses credibility based on paper filings.

Regarding materiality, Athenahealth argues that CliniComp's position fails to include and address the PTO's Notice of Allowability. That notice specified that the only reason the '647 patent issued was on the basis of a claim limitation present in the CliniComp CIS, the presence of which Athenahealth argues is uncontested. Additionally, Athenahealth argues CliniComp failed to address the following matters, all of which, upon consideration by the court, should result in the denial of summary judgment in favor of CliniComp: (1) Haudenschild's second declaration to the PTO, signed after the Notice of Allowability, by which Haudenschild swore that he received claim amendments and understood his duty of disclosure; (2) not only CliniComp's selected correspondence but all of the correspondence between Haudenschild and Kleinke regarding Office Actions and responses thereto; (3) Kleinke's disclosure of CliniComp CIS related art in a patent application related to the '647 patent; and (4) other deposition testimony that undercuts CliniComp's arguments. Athenhealth maintains that the most reasonable inference from all of the summary-judgment proof is that Haudenschild and Kleinke knew that they were arguing patentability on the basis of limitations present in the CliniComp CIS–they knew that CliniComp CIS was so important as to be but-for material prior art related to the prosecution of the '647 patent. Athenahealth argues that because CliniComp failed to fully discharge its initial burden of production on the element of materiality, summary judgment should be denied. *Celotex*, 477 U.S. at 332.

Regarding the element of specific intent to deceive the PTO, Athenahealth responds that CliniComp's position that the summary-judgment proof establishes that there are no issues of material fact and that Haudenschild and Kleinke lacked specific intent rests improperly upon CliniComp's failure to evaluate deposition testimony in light of the documents produced as summary-judgment proof. Additionally, Athenahealth argues intent is typically inappropriate for

resolution on summary judgment. *See Ohio Willow Wood*, 735 F.3d 1351-52. *Digital Control*, 437 F.3d at 1317. Upon a full review of the summary-judgment proof, Athenahealth argues that the "single most reasonable inference" to be drawn from the record is deceitful intent on the part of Haudenschild and Kleinke. *Therasense*, 649 F.3d at 1290.

Athenahealth maintains that there are reasons to doubt the veracity of Haudenshchild's claim that he did not intentionally withhold CliniComp CIS from the PTO, including Haudenschild's representations to his customers about the capabilities of CliniComp CIS compared to the representations made to the PTO, and the fact that Haudenschild has a strong pecuniary interest in denying fraud. With regard to CliniComp's position that Kleinke lacked specific intent to deceive the PTO, Athenahealth responds that CliniComp does not address the fact that Kleinke repeatedly stated that he was familiar with CliniComp CIS and its functionality. Athenahealth maintains that material fact questions remain involving at least the credibility of CliniComp's witnesses regarding the element of intent. *See e.g., Nobelbiz, Inc. v. Global Connect, L.L.C.*, No. 6:12-CV-244, 2015 WL 11089488, at *5 (E.D. Tex. July 16, 2015) (denying summary judgment as "[f]act questions remain[ed] involving at least . . . the credibility of [patentee's] witnesses regarding the intent element.").

**Issues of material fact remain**

The court concludes that genuine issues of material fact remain as to the first two prongs of the inequitable-conduct analysis–materiality and specific intent to deceive the PTO. The court disagrees with CliniComp's position that Athenahealth has failed to adduce any summary-judgment proof sufficient to establish the existence of a genuine issue of material fact about whether, by clear and convincing evidence, (1) either Haudenschild or Kleinke knew that CliniComp CIS was material

to patentability, or (2) that the only reasonable inference from the summary-judgment proof is that either of them acted with the specific intent to deceive the PTO when they chose to not disclose CliniComp CIS to the PTO.

In viewing the summary-judgment proof in the light most favorable to the nonmovant, Athenahealth has directed the court to summary-judgment proof that raises genuine issues of material fact about whether CliniComp engaged in inequitable conduct in pursing the application that issued as the '647 patent. Despite CliniComp's view of the summary-judgment proof, and given that Athenahealth bears the burden of clear-and-convincing evidence, a reasonable fact finder could conclude that Haudenschild, Kleinke, or both of them, were aware that CliniComp CIS was material to the '647 patent and that either or both of them acted with the specific deceitful intent to withhold CliniComp CIS from the PTO. The material fact questions involve, *inter alia*, determinations of credibility and intent, neither of which are clearly established by the summary-judgment proof. Having considered the motion, response, reply, summary-judgment proof, case file, and applicable law,

**IT IS ORDERED** that [Corrected] CliniComp International Inc.'s Motion for Partial Summary Judgment on Athenahealth's Seventh Affirmative Defense of Inequitable Conduct filed September 29, 2020 (Doc. #143) is **DENIED**.

SIGNED this _10th_ day of November, 2020.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE