IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CliniComp International, Inc.<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Athenahealth, Inc.<br><br>　　　　　　Defendant. | CIVIL ACTION NO. 1:18-CV-00425-LY |

# CLINICOMP'S MOTIONS *IN LIMINE*

## TABLE OF CONTENTS

Page

I.    CLINICOMP'S MOTION IN LIMINE NO. 1 ................................................................ 1

    A.    Procedural Background ................................................................................... 1

    B.    Argument ........................................................................................................ 1

        1.    The Court Should Exercise Its Discretion Under Rule 42(b) and Bifurcate Athena's Inequitable Conduct Defense ..................................... 2

        2.    Athena Should Be Precluded from Referencing Inequitable Conduct Or Offering Evidence of Inequitable Conduct ............................ 4

    C.    Conclusion ...................................................................................................... 6

II.    CLINICOMP'S MOTION IN LIMINE NO. 2 ................................................................ 6

    A.    Factual Background ........................................................................................ 6

    B.    The Court Should Exclude All References to Claims 50-55 of the '647 Patent ............................................................................................................. 7

    C.    Conclusion ...................................................................................................... 9

## TABLE OF AUTHORITIES

**Page**

### CASES

*Cardiac Science, Inc. v. Koninklijke Philips Elecs. N.V.*,
No. 03-1064, 2007 WL 4591596 (D. Minn. Apr. 17, 2007)..........................................4

*DataQuill Ltd. v. Handspring, Inc.*,
No. 01-C-4635, 2004 WL 1102309 (N.D. Ill. May 10, 2004)......................................4

*DDB Techs., L.L.C. v. Fox Sports Interactive Media, LLC*,
No. 11-cv-929-LY (W.D. Tex.)...................................................................................5

*Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*,
2008 WL 382385 (E.D. Mo. Feb. 12, 2008)...............................................................2

*Enzo Life Sciences, Inc. v. Digene Corp.*,
2003 WL 21402512 (D. Del. June 10, 2003)..............................................................1

*eTool Development, Inc v. National Semiconductor Corp.*,
2011 WL 12677158 (E.D. Tex. 2011) (Bryson, J., by designation)...........................2

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
820 F.2d 1209 (Fed. Cir. 1987)..........................................................................1, 3, 5

*Honeywell Intern v. Hamilton Sundstrand*,
370 F.3d 1131 (Fed. Cir. 2004)...................................................................................8

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
No. 01 C 6934, 2004 WL 2260626 (N.D. Ill. Oct. 1, 2004).......................................5

*Liqwd, Inc. v. L'Oreal USA, Inc.*,
No. 17-14, 2019 WL 365708 (D. Del. 2019).............................................................2

*MeadWestVaco Corp. v. Rexam Beauty & Closures, Inc.*,
731 F.3d 1258 (Fed. Cir. 2013)...................................................................................8

*Microsoft Corp. v. I4I Limited Partnership*,
564 U.S. 91, 131 S. Ct. 2238 (2011)...........................................................................9

*Monsanto Co. v. Bayer Bioscience N.V.*,
No 4:00CV01915 ERW, 2005 WL 5989796 (E.D. Mo. Oct. 28, 2005)....................5

*Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*,
984 F.2d 1182 (Fed. Cir. 1993)...................................................................................2

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
763 F. Supp. 2d 671 (D. Del. 2010)............................................................................2

*Server Tech., Inc. v. American Power Conversion Corp.*,
No. 06-00698, 2014 WL 1308617 (D. Nev. 2014)....................................................3

*Telecomm. Sys., Inc. v. Mobile 365, Inc.*,
No. 3:06CV485, 2008 WL 7555484 (E.D. Va. Sept. 25, 2008).................................2

# TABLE OF AUTHORITIES
(continued)

Page

*THK Am., Inc. v. NSK, Ltd.*,
  No. 90-6049, 1996 WL 33398071 (N.D. Ill. Jan. 9, 1996) .......................................................5

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
  507 F. Supp. 2d 870 (N.D. Ill. 2007) ......................................................................................6

**STATUTES**

35 U.S.C. § 112 ...............................................................................................................................8

35 U.S.C. § 282 ..........................................................................................................................8, 9

35 U.S.C. § 315(e)(2) ......................................................................................................................9

35 U.S.C. § 316(e) ..........................................................................................................................9

**RULES**

Fed. R. Civ. Proc. 42(b) ....................................................................................................1, 2, 3, 5

Fed. R. Evid. 401 ............................................................................................................................4

Fed. R. Evid. 403 ............................................................................................................................8

Local Rule CV-16(e)(8) ..................................................................................................................1

I.      **CLINICOMP'S MOTION IN LIMINE NO. 1**

Plaintiff CliniComp International, Inc. ("CliniComp") hereby moves *in limine* to have Athenahealth, Inc.'s ("Athena") inequitable conduct defense bifurcated into a separate bench trial, and to preclude Athena from referencing its inequitable conduct allegations or offering evidence of inequitable conduct in front of the jury.

A.      **Procedural Background**

On May 27, 2020, Athena filed a motion for leave to amend its affirmative defenses in order to add an affirmative defense of inequitable conduct. Dkt. 80. On September 3, 2020, the Court granted Athena's motion (Dkt. 108) and filed Athena's Amended Affirmative defenses. Dkt. 109. On November 10, 2020, this Court denied CliniComp's Motion for Partial Summary Judgment on Athena's Seventh Affirmative Defense of Inequitable Conduct. Dkt. 199. CliniComp understands that Athena intends to file Proposed Findings of Fact and Conclusions of Law Regarding Inequitable Conduct, which are required for all issues not tried to a jury. Local Rule CV-16(e)(8). Athena, nevertheless, opposes this motion.

B.      **Argument**

Pursuant to Federal Rule of Civil Procedure 42(b), this Court has "broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987). Courts may bifurcate issues in order to "avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Enzo Life Sciences, Inc. v. Digene Corp.*, 2003 WL 21402512, *4 (D. Del. June 10, 2003). In "the context of patent cases, experienced judges use bifurcation and trifurcation both to simplify the issues . . . and to maintain manageability of the volume and complexity of the evidence presented to a jury." *Id.* at *5 (internal citations omitted). As explained below, bifurcation of Athena's inequitable conduct

defense is clearly warranted in this case—and exclusion of evidence related to inequitable conduct is necessary in order to avoid severely prejudicing CliniComp.

> 1. **The Court Should Exercise Its Discretion Under Rule 42(b) and Bifurcate Athena's Inequitable Conduct Defense.**

It is well settled that "the defense of inequitable conduct in a patent suit, being entirely equitable in nature, is *not* an issue for a jury to decide." *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993) (citation omitted). Rather, the ultimate determination of an inequitable conduct claim is vested in the discretion of trial courts, and such discretion is to be exercised solely "by the judge on his or her own factual findings." *Paragon Podiatry Lab., Inc. v. KLM Lab., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993); *see also Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, 2008 WL 382385, *2 (E.D. Mo. Feb. 12, 2008) ("the Court, not the jury, is obligated to decide [the inequitable conduct] issues"); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 763 F. Supp. 2d 671, 686 (D. Del. 2010) ("Inequitable conduct defenses are tried to the Court, not a jury.") (citations omitted); *Telecomm. Sys., Inc. v. Mobile 365, Inc.*, No. 3:06CV485, 2008 WL 7555484, at *10 n.2 (E.D. Va. Sept. 25, 2008) ("An inequitable conduct defense is not a jury issue.").

In light of the exclusive fact-finding role held by courts in deciding inequitable conduct claims, courts routinely bifurcate inequitable conduct from infringement, invalidity and other claims that must be decided by the jury. *See, e.g., Liqwd, Inc. v. L'Oreal USA, Inc.*, No. 17-14, 2019 WL 365708, *2 (D. Del. 2019) (bifurcating inequitable conduct counterclaims "[i]n accordance with the court's standard practice"); *eTool Development, Inc v. National Semiconductor Corp.*, 2011 WL 12677158, *1 (E.D. Tex. 2011) (Bryson, J., by designation) (bifurcating inequitable conduct because "allowing the presentation of evidence bearing on non-jury issues . . . would result in the jury's consideration of evidence not relevant to

the jury's task" and thus "extend the jury trial portion of the proceedings, imposing an unnecessary additional burden on the jurors."); *Server Tech., Inc. v. American Power Conversion Corp.*, No. 06-00698, 2014 WL 1308617, *2 (D. Nev. 2014) (bifurcating inequitable conduct because "inequitable conduct is an issue for the court to decide" and thus evidence of inequitable conduct "is not relevant to the jury's determination"). Indeed, the Federal Circuit has gone so far as to suggest that bifurcation of an inequitable conduct defense "is ***precisely the type contemplated by Rule 42(b)***." *Gardco*, 820 F.2d at 1213 (emphasis added).

This case perfectly illustrates why bifurcation is so common with respect to inequitable conduct. Athena's inequitable conduct narrative spans more than two decades, starting with the involvement of Bernard Kleinke and Chris Haudenschild[1] in prosecuting other (unrelated) CliniComp patents during the mid-1990s, and stretching clear into the discovery stage of this litigation. *See* Dkt. 168 at 2-7. Athena's allegations are pieced together from dozens of communications between Haudenschild and Kleinke during the four-year prosecution of the '647 patent, and thus require the factfinder to dig deep into the weeds of at least three different PTO rejections of claim 50—which is not asserted in this case—as well as the amendments CliniComp made to overcome those rejections, the underlying reasons behind each amendment, the declarations and interviews provided in support of the amendments, and the knowledge and intent of Mr. Kleinke and Mr. Haudenschild at various times over the years. *See generally id.* In opposing summary judgment on inequitable conduct, Athena deemed it necessary to submit nearly 500 pages' worth of evidence—just for the purpose of establishing a triable issue of fact. (*See* Dkt. 168-1.) Athena's full presentation on inequitable conduct will undoubtedly be much

---

[1] Chris Haudenschild is the named inventor on the asserted '647 patent and CEO of CliniComp. Bernard Kleinke was the prosecuting patent attorney of the '647 patent.

longer, likely taking up at least a full day of trial time and potentially necessitating the testimony of witnesses not otherwise required.  **None** of this evidence is relevant to any determination the jury is required to make (*i.e.*, infringement, validity and damages) and, given the logistical difficulties of conducting a trial during a pandemic, streamlining and simplifying the jury's task should be the top priority.

### 2. Athena Should Be Precluded from Referencing Inequitable Conduct Or Offering Evidence of Inequitable Conduct

After bifurcating inequitable conduct into a separate bench trial, the Court should exclude Athena's inflammatory allegations against Mr. Haudenschild and Mr. Kleinke as irrelevant and unduly prejudicial.  Evidence is relevant if "it has any tendency to make [a fact of consequence in determining the action] more or less probable than it would be without the evidence."  FED. R. EVID. 401.  No fact of consequence, to be decided by the jury, is more or less probable in view of Athena's inequitable conduct allegations.  Thus, the allegations should be kept from the jury. *See, e.g.*, *Cardiac Science, Inc. v. Koninklijke Philips Elecs. N.V.*, No. 03-1064, 2007 WL 4591596, at *3 (D. Minn. Apr. 17, 2007) (prohibiting the phrase "inequitable conduct" from being mentioned in front of the jury); *DataQuill Ltd. v. Handspring, Inc.*, No. 01-C-4635, 2004 WL 1102309, at *3 (N.D. Ill. May 10, 2004) (holding that "allegations of inequitable conduct have no place in front of a jury").

Despite this lack of relevance, Athena clearly intends to not only invoke its inequitable conduct defense before the jury, but to make it a central theme at trial.  Despite the fact that inequitable conduct is decided by the court, not the jury, Athena's proposed jury instructions include an instruction on inequitable conduct—as well as references to inequitable conduct in a

half-dozen other instructions—and its verdict form explicitly asks the jury to render a decision on inequitable conduct. *See* Dkts. 201-12, 201-14.[2]

Athena's motivation for putting inequitable conduct to the jury is clear—Athena seeks to impugn CliniComp, its CEO, and its patent counsel as fraudsters. As stated by one court, evidence "of inequitable conduct in the procurement of a patent is, in effect, evidence of fraud," and thus "[o]bviously [Athena] would like its evidence of fraudulent misconduct on the part of the inventor to spill over, to [CliniComp's] prejudice, on the issues actually to be decided by the jury—to try the inventor and not the invention." *THK Am., Inc. v. NSK, Ltd.*, No. 90-6049, 1996 WL 33398071 (N.D. Ill. Jan. 9, 1996)*; see also Monsanto Co. v. Bayer Bioscience N.V.*, No 4:00CV01915 ERW, 2005 WL 5989796, at *11 (E.D. Mo. Oct. 28, 2005) ("[E]vidence tending to show fraud on the part of the inventor is so likely to prejudice the jury on other issues that the fraud issue should be tried separately."); *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, No. 01 C 6934, 2004 WL 2260626, at *7 (N.D. Ill. Oct. 1, 2004) (requiring testimony on inequitable conduct to be heard outside the jury's presence because of concern of prejudice). This widely recognized risk of prejudice is exactly why the Federal Circuit described bifurcation of inequitable conduct as "**precisely the type contemplated by Rule 42(b)**." *Gardco*, 820 F.2d at 1213 (emphasis added).

---

[2] Athena's proposed instruction regarding inequitable conduct is not based on any model, because **none** of the models include an instruction on inequitable conduct. Instead, Athena's only supporting citation is to an instruction given by this Court in *DDB Techs., L.L.C. v. Fox Sports Interactive Media, LLC*, No. 11-cv-929-LY (W.D. Tex.) (Dkt. 369). In *DDB*, however, the patentee *voluntarily* agreed to submit inequitable conduct to the jury for an advisory verdict—the parties *jointly* submitted instructions on inequitable conduct, as well as other equitable defenses such as laches and exhaustion. (*Id.*, Dkt. 301-1 at 52-60.)

### C.      Conclusion

Accordingly, in light of the foregoing, CliniComp respectfully requests this Court bifurcate the trial of Athena's inequitable conduct defense so that it is not presented to the jury and exclude Athena's inflammatory allegations against Mr. Haudenschild and Mr. Kleinke as irrelevant and unduly prejudicial.  "[T]o the extent that testimony, evidence and argument is relevant only to fraud [*i.e.*, inequitable conduct] it should be heard outside of the jury's presence."  *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 507 F. Supp. 2d 870, 874 (N.D. Ill. 2007). Absent this relief, CliniComp will be unfairly and improperly prejudiced in the presentation of its infringement case

## II.      CLINICOMP'S MOTION IN LIMINE NO. 2

CliniComp respectfully requests that this Court preclude Athena from referencing before the jury non-asserted claims 50-55 of the '647 patent or the fact that these claims have been found invalid by the Patent Trial and Appeal Board ("PTAB").[3]

### A.      Factual Background

On March 26, 2020, the PTAB issued its Final Written Decision in an IPR filed by Cerner and joined by Athena.  The PTAB held that Cerner and Athena had failed to show by a preponderance of the evidence that any of claims 1-25 were unpatentable, but had shown by a preponderance of the evidence that claims 50-55 were unpatentable.  Claims 50-55 were subsequently dropped from this case.

---

[3] CliniComp recognizes that if the Court denies CliniComp's Motion *in limine* No. 1, and does not bifurcate Athena's inequitable conduct defense and does not preclude Athena from presenting its inequitable defense to the jury, Athena will make reference to Claim 50 as part of its inequitable conduct defense.  CliniComp nevertheless requests that, even if CliniComp's Motion *in limine* No. 1 is denied, for the reasons set forth below, Athena be precluded from referencing or relying on the fact that claims 50-55 were found invalid in the IPR.

Athena's affirmative defense of inequitable conduct relies, in part, on Athena's assertion that the allegedly undisclosed prior art, the CliniComp CIS, "disclosed all limitations of the independent claim that issued as claim 50 in the '647 patent." *Id*. at ¶ 17.  Claim 50 is not otherwise at issue in this case.  CliniComp has moved in Motion *in limine* No. 1 to bifurcate inequitable conduct and preclude Athena from referencing inequitable conduct before the jury.  *See* CliniComp's Motion *in limine* No. 1, above.

On July 17, 2020, Athena filed its opening Expert Report of Philip Greenspun, Ph.D. on invalidity.  From his report, it is apparent that Dr. Greenspun and Athena intend to rely on the fact that claim 50 was found invalid in the IPR to support Athena's contention that independent claim 1 is also invalid.  *See* Exhibit 14 (Filed Under Seal) to the Declaration of Andrew Pearson in Support of Athena's Motion for Summary Judgment (Dkt. 112-1) at 127-133.  Despite the fact that claim 50 was no longer in the case, Dr. Greenspun nevertheless offered his opinion that one of Athena's asserted prior art systems, CliniComp CIS, anticipates claim 50.  *Id.* at 264.  Athena should not be allowed to tempt the jury with a confusing and incorrect suggestion that a finding of invalidity as to some claims in a patent renders other claims in that patent invalid.

**B.     The Court Should Exclude All References to Claims 50-55 of the '647 Patent**

The focus of this case is Athena's infringement of Claim 1 and the asserted dependent claims and Athena's argument that those same claims are invalid.  These are the only claims from the '647 patent CliniComp is asserting against Athena.  Nonetheless, Athena may attempt to draw attention to other unrelated claims in the '647 patent in the hope that the jury will draw negative inferences about the validity of Claim 1.[4]  There are several reasons to preclude such arguments/evidence.  First, evidence about prior findings of invalidity is irrelevant to this case.

---

[4] References to Claim 1 or Claim 50 alone are meant as shorthand for these independent claims and any relevant dependent claims.

Claim 1 was expressly not found invalid in the same PTAB decision that found claims 50-55 invalid.  Claim 1 is an independent claim unrelated to claim 50.  Indeed, whether claim 50 was deemed invalid in the IPR has no bearing on the jury's task of determining whether Claim 1 is valid in light of the scope and content of the different prior art raised by Athena in this case or under any of Athena's proposed theories under 35 U.S.C. § 112.  *See MeadWestVaco Corp. v. Rexam Beauty & Closures, Inc.,* 731 F.3d 1258, 1264 (Fed. Cir. 2013) ("Obviousness, like other grounds of invalidity, must be analyzed on a *claim-by-claim basis.")* (emphasis added); 35 U.S.C. § 282 (providing that *each* claim in a patent with multiple claims is presumed valid independent of the validity or invalidity of other claims).

Any reference to the invalidity of claims 50-55 should also be precluded because any probative value is far outweighed by the danger of unfair prejudice, confusion, undue delay, and waste of time.  *See* FED. R. EVID. 403. As stated above, the mere fact that claims 50-55 of the '647 patent have been deemed invalid proves nothing about whether Claim 1 of that patent should also be deemed invalid.  It would be extremely prejudicial to allow the jury to draw such an inference, in particular, when the test for validity does not allow for the comparison of claims.  *See Honeywell Intern v. Hamilton Sundstrand*, 370 F.3d 1131, 1148 (Fed. Cir. 2004) ("Each claim defines a separate invention, whether or not written in independent form; and its validity stands or falls separately") *citing* 35 U.S.C. § 282.

Allowing Athena to present evidence regarding the validity of claim 50, when the Jury will be repeatedly told that only claim 1 is at issue, will also confuse the jury, who is already tasked with understanding the complexities of patent law and the technology at issue.  This is especially true because the prior art used to invalidate claim 50 is necessarily different from that being used to attack claim 1.  35 U.S.C. § 315(e)(2) ("The petitioner in an inter partes review of

a claim in a patent under this chapter that results in a final written decision . . . may not assert . . . in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.")

More critically, the burden Athena must meet to prove the invalidity of claim 1 is *much* higher than what was required to invalidate claim 50 in the IPR.  In the IPR, Athena only had "the burden of proving [the] proposition of unpatentability by a preponderance of the evidence." 35 U.S.C. § 316(e).  At trial in this case, however, Athena must prove the invalidity of claim 1 by clear and convincing evidence.  *Microsoft Corp. v. I4I Limited Partnership*, 564 U.S. 91, 95, 131 S. Ct. 2238, 2242 (2011) ("We consider whether § 282 requires an invalidity defense to be proved by clear and convincing evidence. We hold that it does.")  All of these differences will have to be explained to the jury.

Allowing Athena to refer to the non-asserted claims, and especially to the fact that they have been invalidated, would require the jury to evaluate the different prior art used and the different burden that was applied.  CliniComp would then be forced to spend time educating the jury on these differences making sure the jury distinguished between the circumstances under which claim 50 was found invalid and those being presented with respect to claim 1. This would waste the parties', the Court's, and the jury's time, and could lead to an unjust result.

### C. Conclusion

For at least the reason set forth above, CliniComp respectfully requests the Court preclude Athena from making reference before the jury to non-asserted claims 50-55 and especially to the fact that these claims were found invalid in the IPR.

DATED: December 4, 2020                    MANATT, PHELPS & PHILLIPS, LLP

                                     By:   /s/ *Bruce R. Zisser*
                                           Amar L. Thakur (CA Bar No. 94025) (Pro hac vice)
                                           athakur@manatt.com
                                           Shawn E. McDonald (CA Bar No. 237580) (Pro hac vice)
                                           SMcDonald@manatt.com
                                           695 Town Center Drive, 14th Floor
                                           Costa Mesa, CA 92626
                                           Phone: (714) 371-2511
                                           Fax: (714) 371-2550

                                           Bruce R. Zisser (CA Bar No. 180607) (Pro hac vice)
                                           bzisser@manatt.com
                                           2049 Century Park East, Suite 1700
                                           Los Angeles, CA 90067
                                           Phone: (213) 312-4126
                                           Fax: (213) 312-4224

                                           GEORGE BROTHERS KINCAID & HORTON LLP
                                           B. Russell Horton
                                           Texas Bar No. 10014450
                                           114 W. 7th Street, Ste. 1100
                                           Austin, Texas 78701
                                           Tel.: (512) 495-1400
                                           Fax: (512) 499-0094
                                           Email: rhorton@gbkh.com

                                           *Attorneys for Plaintiff CliniComp International, Inc.*

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule CV-7(i), counsel for CliniComp telephonically conferred in good-faith with Athena's's counsel regarding the relief sought by this motion *in limine* on December 1, 2020. Athena's counsel confirmed that Athena opposes that relief.

>/s/ *Bruce Zisser*
>Bruce Zisser

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was caused to be served on December 4, 2020 via email and/or the CM/ECF system upon all counsel of record.

*/s/ Bruce Zisser*
Bruce Zisser