FILED

2020 DEC 14  AM 11: 05

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC., § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL NO. A-18-CV-00425-LY |
| § | |
| ATHENAHEALTH, INC., § | |
| DEFENDANT. § | |
| § | |

## ORDER DENYING [2nd CORRECTED] CLINICOMP INTERNATIONAL, INC.'S MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTOPHER BAKEWELL PURSUANT TO *DAUBERT*

Before the court is the above styled and numbered patent-infringement action. CliniComp International, Inc. ("CliniComp") alleges that Athenahealth, Inc.'s ("Athenahealth") product "athenaOne"–an integrated suite of cloud-based services combining practice management (athenaCollector), an Electronic Health Records ("EHR") system (athenaClinicals), and care coordination (athenaCommunicator) into a single packaged offering–is infringing CliniComp's United States Patent No. 6,665,647, titled "Enterprise Healthcare Management System and Method of Using Same," which was issued December 16, 2003 ("'647 patent").

CliniComp moves the court to exclude two categories of analyses and opinions rendered by Athenahealth's damages rebutttal expert, Christopher Bakewell. CliniComp contends some of Bakewell's opinions are unreliable, incorrect, unhelpful to the jury, and must be excluded. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Pending are CliniComp's [2nd Corrected] CliniComp International Inc.'s Motion to Exclude Expert Testimony of Christopher Bakewell Pursuant to *Daubert* filed October 14, 2020 (Doc. #179), Defendant Athenahealth, Inc.'s Opposition To CliniComp International Inc.'s Motion to Exclude Expert Testimony of Christopher

Bakewell Pursuant to *Daubert* filed October 14, 2020 (Docs. ##175 & 196), and CliniComp's Reply in Support of CliniComp International Inc.'s Motion to Exclude Expert Testimony of Christopher Bakewell Pursuant to *Daubert* filed October 9, 2020 (Doc. 165).

**Expert testimony**

> A witness qualified as an expert may testify if:
>
>> the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; the testimony is based in sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Rule 702 was amended to incorporate the principles first articulated by the United States Supreme Court in *Daubert*. *See* FED. R. CIV. P. 702, Adv. Comm. Notes (2000). Following *Daubert* and its progeny, trial courts act as gatekeepers, overseeing the admission of scientific and nonscientific expert testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Trial courts must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. In carrying out this task, district courts have broad latitude in weighing the reliability of expert testimony for admissibility. *See Kumho Tire Co.*, 526 U.S. at 152. The district court's responsibility "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id*.

*Daubert* provides the analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence. *See Kumho Tire Co.*, 526 U.S. at 141. This *Daubert* framework includes many factors that can be used to determine the admissibility of

expert testimony, including, but not limited to, whether the expert's theory or technique: (1) can be or has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error or standards controlling its operation; and (4) is generally accepted in the relevant scientific community. *See Daubert*, 509 U.S. at 593-94. Not every *Daubert* factor will be applicable in every situation and a court has discretion to consider other factors it deems relevant. *See Kumho Tire*, 526 U.S. at 151-52.

Under these rules, a district court may exclude evidence that is based upon unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case. *Kumho Tire*, 526 U.S. at 150 (gate-keeping inquiry must be tied to particular facts of case); *i4i Ltd. v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010) ("*Daubert* and Rule 702 are safeguards against unreliable or irrelevant opinions, not guarantees of correctness"). The question of whether the expert is credible or the opinions are correct is generally a question for the fact-finder, not the court. *Apple Inc. v. Motorola, Inc.*, 757 Fed. Cir. 1286, 1314 (Fed. Cir. 2014), *overruled en banc on other grounds*, *Williamson v. Citrix Online*, LLC, 792 F.3d 1339, 1349 (Fed. Cir. 2015). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

**CliniComp's request to exclude two categories of testimony by Bakewell**

In calculating damages, CliniComp's damages expert Nisha Mody presented several noninfringing alternatives ("NIA") as grounds for a reasonable-royalty calculation. The parties agree there are at least three noninfringing alternatives to the '647 patent; these are referred to as NIA #4, #5, and #8 in the arguments. Mody's damages model related to NIA #4 includes costs associated with

Athenahealth storing healthcare data in a separate database for each subscribing healthcare-enterprise facility. Bakewell conducted an analysis and rendered an opinion, *inter alia*, that rebuts Mody's damages model related to NIA #4.[1] CliniComp challenges Bakewell's analysis of NIA #4 as unsound and unreliable, and contends Bakewell's analysis and opinions in this regard should be excluded at trial. Athenahealth responds that Bakewell's rebuttal opinion is correct, methodologically sound, and should not be excluded.

Secondly, CliniComp contends that Bakewell's analyses and opinions regarding two comparable patent licenses, both of which were litigation settlements, should be excluded at trial. Athenahealth responds that Bakewell properly relied on opinions of Athenahealth's technical expert H. V. Jagadish, who opined that the two patents were technically comparable to the '647 patent.[2] Athenahealth maintains that CliniComp mischaracterizes the applicable law and Bakewell's opinions as to why the two licenses are comparable.

***Daubert* analysis**

CliniComp does not contend that Bakewell is unqualified to offer opinion testimony on the issue of reasonable-royalty damages. Nor does CliniComp dispute that Bakewell has specialized knowledge, developed over the course of his career, in the field of consulting services related to the commercialization of intellectual property and quantifying damages in a variety of intellectual property-related disputes.

---

[1] Bakewell's 142-page Rebuttal Expert Report Regarding Damages, is a sealed exhibit located in the case file at Document No. 158-2.

[2] Portions of Jagadish's 124-page Rebuttal Expert Report is a sealed exhibit located in the case file at Document No. 158-8.

Before a trial court may allow a witness to testify as an expert, the court must be assured that the proffered witness is qualified to testify based on the expert's "knowledge, skill, experience, training, or education." *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting Fed. R. Evid. 702). Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Generally, if there is some reasonable indication of qualifications, the trial court may admit the expert's testimony, and then the expert's "qualifications become an issue for the trier of fact rather than for the court in its gate-keeper capacity." *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 507 (5th Cir. 1999).

The court finds Bakewell qualified to render opinions in this action. Also, the court finds that Bakewell's opinion testimony is relevant and will aid the jury in determining a reasonable royalty should the jury determine Athenahealth's accused products infringed on the '647 patent. *See* Fed. R. Evid. P. 401. Expert testimony that "relate[s] to any issue in the case" is relevant and helpful. *Daubert*, 509 U.S. at 591.

Reliability hinges on the sufficiency of the facts or data upon which an opinion is based, the dependability of the principles and methods employed, and the proper application of the principles and methods to the facts of the case. Fed. R. Evid. 702; *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) (citing *Daubert*, 509 U.S. at 592-93)). CliniComp claims that the facts, data, and assumptions Bakewell relies upon in forming his opinions are faulty.

Bakewell calculated costs for the three non-infringing alternatives the parties concur are viable, not just NIA #4. Bakewell's damages opinions also relies on NIA #5 and #8 as opposed to only NIA #4, because those alternatives were less expensive and simpler to implement than NIA #4. Bakewell

5

also rebuts Mody's calculations related to NIA #4, and it is this area of his report and potential testimony to which CliniComp objects. In summary, Bakewell, opines that CliniComp's calculations for NIA #4 suffers from flaws. Alternative or opposing facts, data, and assumptions do not preclude admission of expert testimony, that is, they go to the weight of the evidence, not admissibility. *See Primrose Operating Co. v. National Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

With regard to CliniComp's challenge to Bakewell's analysis and opinions about two comparable licenses, damages experts may rely upon such licenses, and in some cases "the most reliable license" for a damages analysis "arose out of litigation." *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010). A damages expert may rely on licenses arising from litigation settlements if those licenses are technically and economically comparable to the hypothetical license at issue. *Id.* at 872-73; *see also Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1369-71 (Fed. Cir. 2017) (discussing probative value of comparable settlement agreements); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012) (settlement licenses can be considered in "proper context within the hypothetical negotiation framework").

In reaching his conclusions, Bakewell in conjunction with Athenahealth's technical expert, Jagdish, have shown that the licenses relied upon by Blakewell are comparable to the '647 patent. Any challenges CliniComp has about Bakewell's analysis and opinions may be explored through cross-examination. *See Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1331 (Fed. Cir. 2014) (comparability of licenses is "factual issue best addressed by cross examination and not be exclusion" and "the jury [is] entitled to hear the expert testimony and decide for itself what to accept or reject.")

Bakewell applied a reliable methodology to sufficient facts and data. Bakewell's testimony justifies "vigorous cross-examination," not exclusion. *United States v. 14.38 Acres of Land, More or*

*Less Situated in Leflore Cty., Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996). Any questions related to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration. CliniComp may explore these issues by cross-examination.

**Conclusion**

The court's role as a gatekeeper is not intended to supplant the adversary system in which vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are means of attacking shaky but admissible evidence. *See Daubert*, 509 U.S. at 596.

In focusing on whether Bakewell's opinions should be admitted, and not the content of the opinions, the court concludes that Bakewell's opinions are based on data that is sufficiently tied to the facts in this action. Further, the court concludes that during the course of the trial proceedings, Bakewell's testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702. Having considered the motion, the response, and the reply,

**IT IS ORDERED** that CliniComp's [2nd Corrected] CliniComp International Inc.'s Motion to Exclude Expert Testimony of Christopher Bakewell Pursuant to *Daubert* filed October 14, 2020 (Doc. #179) is **DENIED**.

SIGNED this __14th__ day of December, 2020.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE