IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLINICOMP INTERNATIONAL, INC., § | | |
| PLAINTIFF, § | | |
| § | | |
| V. § | CAUSE NO. A-18-CV-00425-LY | |
| § | | |
| ATHENAHEALTH, INC., § | | |
| DEFENDANT. § | | |

## ORDER DENYING DEFENDANT ATHENAHEALTH, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

Before the court is the above styled patent-infringement action. CliniComp International, Inc. ("CliniComp") alleges that Athenahealth, Inc.'s ("Athenahealth") product "athenaOne"–an integrated suite of cloud-based services combining practice management (athenaCollector), an Electronic Health Records ("EHR") system (athenaClinicals), and care coordination (athenaCommunicator) into a single packaged offering–is infringing CliniComp's United States Patent No. 6,665,647, titled "Enterprise Healthcare Management System and Method of Using Same," which was issued December 16, 2003 ("'647 patent"). Pending are Defendant Athenahealth, Inc.'s Motion for Summary Judgment of Non-Infringement and Invalidity filed September 11, 2020 (Doc. #112), Plaintiff CliniComp International Inc.'s Opposition to Athenahealth's Motion for Summary Judgment of Non-Infringement and Invalidity filed October 14, 2020 (Doc. #181), and Defendant Athenahealth, Inc.'s Reply in Support of Its Motion for Summary Judgment of Non-Infringement and Invalidity filed October 20, 20202 (Doc. #195).

Summary judgment shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the proof is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment proof showing the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment proof, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculations are not competent summary-judgment proof. *Id.* The party opposing summary judgment is required to identify specific proof in the record and to articulate the precise manner in which that evidence supports the claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which

are "irrelevant and unnecessary" will not be considered by a court in ruling on a motion for summary judgment. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**Athenahealth's bases for summary judgment**

Athenahealth contends there are six reasons the court should grant summary judgment in its favor. As an overview, Athenahealth contends that CliniComp has no evidence Athenahealth actually practiced the remaining independent claim–method claim 1 of the '647 patent. Athenahealth argues that CliniComp's expert opined that Athenahealth's software has the capability to infringe, however, Athenahealth maintains there is no proof that anyone actually used Athenahealth's software in an infringing manner.

Athenahealth also contends that some method steps are performed by Athenahealth's customers and some by Athenahealth, thus, what exists is a divided-infringement issue. Direct infringement occurs "where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir 2015). When multiple actors are involved, "a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Id.* This requires a showing of either (1) one entity "directs or controls others' performance," or (2) "the actors form a joint enterprise." *Id.* An entity directs or controls another's performance if it "acts through an agent," "contracts with another to perform one or more [claimed] steps," or "conditions participation in an activity or receipt of a benefit upon performance of a [claimed] step . . . and establishes the manner or timing of that performance." *Id.* at 1023. Athenahealth argues that CliniComp must,

3

therefore, prove that performance of each step of the method claim is attributable to a single entity. Athenahealth argues CliniComp has no evidence this is so.

Finally, Athenahealth argues that the remaining four non-infringement contentions turn on the parties' disputes about the plain-and-ordinary meaning of some of the '647 patent claim terms. Athenahealth argues that if the court accepts Athenahealth's interpretation of any one of the four disputed terms, summary judgment of non-infringement must follow because CliniComp's expert has offered no opinion that using any of Athenahealth's interpretations leads to a conclusion that Athenahealth's product infringes the '647 patent.

### CliniComp responds that genuine issues of material fact remain regarding contentions of non-infringement and divided infringement

CliniComp responds that genuine issues of material fact remain on each issue raised by Athenahealth. CliniComp argues that contrary to Athenahealth's position, it is not necessary that CliniComp identify "specific instances" of Athenahealth practicing the claimed method. CliniComp maintains that sufficient circumstantial evidence exists that Athenahealth practices the method claim.

Direct infringement may be proven by circumstantial evidence. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1326 (Fed. Cir. 2009). The court reviews whether CliniComp provided sufficient circumstantial proof of direct infringement to raise a genuine issue of material fact. *See e.g., Genband US LLC v. Metaswitch Networks Corp.*, 2016 WL 7645424, at *4 (E.D. Tex. Jan. 6, 2016).

CliniComp argues this is not a situation in which the accused infringer sells a product that includes the accused software, such that the method is only practiced when the customer uses the product. Here the accused software *is* Athenahealth's "AthenaNet, a cloud-based software system

4

developed and operated by Athenahealth and residing on Athenahealth servers located at various Athenahealth-run data centers," which is always under the control of Athenahealth. CliniComp maintains that Athenahealth practices the claimed method by operating its system for "tens of thousands of healthcare providers who are AthenaNet users." CliniComp maintains that it is established that Athenahealth customers subscribe to various AthenaNet supported services, such as AthenaCollector and AthenaClinicals. Addtionally, users associated with AthenaNet's subscribing customers, use a web browser to log onto AthenaNet to access the services. But, it is always Athenahealth that operates and runs AthenaNet. Indeed, argues CliniComp, "thousands of customers pay Athenhealth for the services [supported and] offered by AthenaNet, which is strong circumstantial evidence that AthenaNet exercises its capabilities as intended to serve those customers." *See Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986), abrogated on other grounds, *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008).

With regard to Athenahealth's divided-infringement argument, CliniComp responds that there is no divided-infringement issue because each step of the claimed method is performed by Athenahealth, not by its customers. CliniComp maintains that the claims "do not require that any of the steps be performed . . . by the customers or end users," therefore, there is no issue of divided or joint infringement. *SiRF Tech., Inc. v. International Trade Comm'n*, 601 F.3d 1319, 1329 (Fed. Cir. 2010) ("We do not reach the question of joint infringement becuase we do not read the relevant claims as requiring that any of the specified actions be taken by SiRF's customers or by the end users of the GPS devices.").

Regarding these contentions by Athenahealth, the court concludes that CliniComp has directed the court to sufficient proof that there are genuine issues of material fact, which precludes summary judgment of non-infringement in favor of Athenahealth.

**Disputes about plain-and-ordinary meaning**

Athenahealth contends that the parties dispute the plain-and-ordinary meaning of four claim terms, and that the court must resolve the disputes. CliniComp disagrees.

Athenahealth argues that "operating at" should be construed as, "'in operation at' (*i.e.*, currently operating at)." CliniComp responds that the court is not required to construe the term "operating at" if, as here, the proposed "construction is confusing, unhelpful, [and] adds no clarity to the claim language itself." *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1325 (Fed. Cir. 2012). The court is free to leave it "up to the jury to determine from the evidence presented at trial whether the [Athenahealth] system satisfied the plain and ordinary meaning of the '[operating at]' limitation." *Id.* at 1326. The court finds Athenahealth's proposal unhelpful. The court declines to construe "operating at" as urged by Athenahealth.

Athenahealth also argues that the court should construe "not duplicative" in the clause, "the functions in the healthcare application are not duplicative of the legacy application." Athenahealth argues that the court should rewrite the clause as, "the healthcare application does not perform any of the same functions as the legacy application." The court finds the argued-for construction unnecessary, and a person of ordinary skill in the art would understand the phrase as written.

Athenahealth also argues that the court should rewrite the phrase, "healthcare data in the [first/second] portion of the database is only accessible to the [first/second] end user device" to read,

6

"Healthcare data in the [first/second] portion of the database is accessible 'only . . . to the [first/second] end user device' previously referenced in the claim." The court declines to rewrite this clause. The court agrees with CliniComp that a person of ordinary skill in the art would understand the clause as written to establish the relative access to data as between users at different healthcare enterprise facilities, but without restricting access to that data for other purposes, such as generating aggregate performance reports.

Athenahealth also argues that the court should rewrite "configuring the database to accept legacy information derived from a legacy application," to "the existing database must be 'configured,' *i.e.*, modified the database in some way, in a manner that allows the database to accept legacy information derived from a legacy application." The court declines to rewrite the clause. Athenahealth's proposal is unhelpful and unnecessary.

**Athenahealth asks the court to revisit invalidity**

Although the court denied Athenahealth's motion to dismiss, which contended that the '647 patent was invalid, Athenahealth now asks the court to revisit the issue of invalidity. Athenahealth bears the burden to show by clear and convincing evidence that (1) the asserted claim is directed at an abstract idea, and if so, (2) the claim is devoid of any inventive concept that adds to the abstract idea. *See Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 219-227 (2014). The court concludes that CliniComp has shown that there are genuine issues of material fact as to each of the *Alice* prongs. The court denies summary judgment in favor of Athenahealth on the basis of invalidity.

**Conclusion**

Having considered the bases for Athenahealth's motion for summary of non-infringement and invalidity, CliniComps' responses, the summary-judgment proof, and the case law,

**IT IS ORDERED** that Defendant Athenahealth, Inc.'s Motion for Summary Judgment of Non-Infringement and Invalidity filed September 11, 2020 (Doc. #112) is **DENIED**.

SIGNED this __14th__ day of December, 2020.

                                                   _____
                                                   LEE YEAKEL
                                                   UNITED STATES DISTRICT JUDGE