IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLINICOMP INTERNATIONAL, INC., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-18-CV-00425-LY |
| | § | |
| ATHENAHEALTH, INC., | § | |
| DEFENDANT. | § | |

## ORDER ON REQUEST FOR BIFURCATION AND MOTION IN LIMINE

Before the court in the above styled and numbered patent-infringement action are Plaintiff CliniComp International, Inc.'s CliniComp's Motions in Limine filed December 4, 2020 (Doc. #202), Defendant Athenahealth Inc.'s Opposition to CliniComp's Motions in Limine Nos. 1 and 2 filed December 11, 2020 (Doc. #206), and CliniComp's Reply in Support of Its Motions in Limine filed December 18, 2020 (Doc. #216).

**CliniComp's request for bifurcation and limine request 1 are denied**

CliniComp requests that the court exercise its discretion and bifurcate this action into two proceedings: (1) a jury trial addressing the merits of the CliniComp's patent-infringement claims and certain of Athenahealth's defenses, and (2) a bench trial addressing solely Athenahealth's inequitable-conduct defense. *See* Fed. R. Civ. P. 42(b). CliniComp argues that bifucation is appropriate because, "the defense of inequitable conduct in a patent suit, being entirely equitable in nature, is not an issue for a jury to decide." *Paragon Podiatry Lab., Inc. v. KLM Labs, Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993). The ultimate determination of an inequitable-conduct defense lies with the trial court, not the jury. *Id.* CliniComp argues that Athenahealth's inequitable-conduct defense should be bifurcated to "avoid prejudice, conserve judicial resources, and enhance juror

comprehension of the [patent-infringement] issues presented" to the jury. *See Enzo Life Sciences, Inc. v. Digene Corp.*, 2003 WL 21402512, *4 (D. Del. June 10, 2003). Further, if the court grants the bifurcation request, CliniComp asks that the court then exclude any testimony at the jury trial that relates to Athenahealth's allegation that Chris Haudenschild and Bernard Kleinke engaged in inequitable conduct, as such testimony would be irrelevant and unduly prejudicial.[1] Or at a minimum, CliniComp requests that the court grant its limine request and exclude the irrelevant and prejudicial testimony of actions by Haudenschild and Kleinke that would constitute evidence of inequitable conduct.

Athenahealth opposes CliniComp's bifurcation request. Athenahealth contends that CliniComp committed inequitable conduct by withholding from the United States Patent Office information about CliniComp's prior-art system–CliniComp CIS–which is also one of three primary prior-art references for Athenahealth's invalidity defense. Athenahealth argues that there is "nearly a complete overlap of testimony and evidence related to these defenses." Specifically Athenahealth argues that the same evidence–witnesses, exhibits, and patent-file history–establish that the prior art of CliniComp CIS renders CliniComp's patent claims obvious and invalid. These evidentiary matters, which will be presented to the jury, are also material in establishing Athenahealth's inequitable-conduct defense. Athenahealth argues that courts routinely try invalidity and inequitable-conduct defenses together, where as here, there is a significant overlap of evidence concerning the defenses. *See WebXchange Inc. v. Dell Inc.*, No. Civ.A. 08-132-JJF, 2009 WL 5173485, at *3 (D. Del. Dec. 30, 2009). Also, Athenhealth argues that to grant CliniComp's request to bifurcate and

---

[1] Chris Haudenschild is the named inventor of the asserted patent and the Chief Executive Officer of CliniComp. Bernard Kleinke was the prosecuting attorney of the asserted patent.

2

exclude certain testimony related to Haudenschild's and Kleinke's actions, would be unduly prejudicial to Athenahealth as such exclusion would preclude Athenahealth from presenting the same evidence to prove its invalidity contentions.

Having considered the request, response, reply, the applicable law, and the case file, the court agrees that there is a considerable overlap of the evidence related to Athenahealth's defenses. The court declines to exercise its discretion, and denies CliniComp's request for bifurcation of Athenahealth's inequitable-conduct defense. CliniComps' limine request to exclude testimony about actions by Haudenschild and Kleinke that could constitute evidence of inequitable conduct is also denied.

### CliniComp's limine request 2 is denied

CliniComp argues that the court should exclude all references to claims 50-55 of the asserted patent because any probative value is far outweighed by the danger of unfair prejudice, would cause confusion, an undue delay, and would be a waste of time. *See* Fed. R. Evid. 403. Despite this position, CliniComp's motion also provides,

> CliniComp recognizes that if the court denies CliniComp's Motion in limine No. 1, and does not bifurcate Athenahealth's inequitable conduct defense and does not preclude Athenahealth from presenting its inequitable [conduct] defense to the jury, Athenahealth will make reference to Claim 50 as part of its inequitable conduct defense. CliniComp nevertheless requests that, even if CliniComp's Motion in limine No. 1 is denied, . . . Athenahealth be precluded from referencing or relying on the fact that claims 50-55 were found invalid in the IPR.

The purpose of a motion in limine is to prohibit opposing counsel

> from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudical to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the

offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977).

Athenahealth responds that claim 50 is highly relevant to Athenahealth's contention that claim 1 of the asserted patent–the only claim along with dependent claims at issue in this action–is invalid. Athenahealth argues that claim 50 is "highly material" as it is nearly identical to claim 1, and the same elements of claim 50 that are found in claim 1 will render claim 1 also non-inventive. Athenahealth argues that such matters are critical to the jury's understanding and determination about whether claim 1 is inventive. Athenahealth also argues that there will be no risk of jury confusion because the jury will not be instructed to make any findings about claim 50 nor will claim 50 appear on the verdict form. Finally, Athenahealth argues that any potential prejudice from such evidence can be avoided by a proper objection and instruction.

The court concludes that CliniComp's request is not so highly prejudicial that matters cannot be addressed during trial by an objection to disregard or motion to strike. The court will deny the request.

**IT IS ORDERED** that Plaintiff CliniComp International, Inc.'s CliniComp's Motions in Limine filed December 4, 2020 (Doc. #202), which includes a request to bifurcate Athenahealth's inequitable-conduct defense, is as to all matters, **DENIED**.

SIGNED this **2nd** day of September, 2021.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE